```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


                               )
UNITED STATES OF AMERICA       )
                               )    CRIMINAL NO. 08-10345-DPW
         v.                    )
                               )
CHARLES "CHUCK" TURNER         )
                               )
                               )
```

MEMORANDUM AND ORDER
January 13, 2011

The defendant Charles Turner moves to continue his sentencing from the scheduled date of January 25, 2011, established on October 29, 2010 after the jury returned guilty verdicts on the four counts for which he was tried. The grounds are that one of his trial counsel, Attorney Barry Wilson, will be out of the country until March. This fact was known, considered and its implication understood when the sentencing date was established. Finding nothing in the current record before me to justify this belated effort to obtain a continuance, I will deny Defendant's Motion to Continue the Sentencing Hearing.

I.

On October 29, 2010 immediately after the jury returned its verdict and was discharged, the following colloquy occurred with Mr. Wilson:

>  THE COURT:    The sentencing in this case will take place on January 25th at 2:00 p.m.
>  MR. WILSON:   Judge, all I can say is, personally I will be out of the country, but - -
>  THE COURT:    When - -
>  MR. WILSON:   When will I be back?
>  THE COURT:    Yes.
>  MR. WILSON:   After March 3rd. I understand, I understand.  Mr. Pavlos [the defendant's co-counsel at trial] will have to do it.  Yeah.  And after this, maybe I'll never come back.  But, no.  I will be gone for a long time.  Thank you.

Mr. Wilson's pattern of planned absence from the country during the winter months was well known and accepted when the sentencing date, which did no more than adopt the customary schedule for Presentence Report preparation, was established. Indeed, the trial schedule itself earlier had been set to accommodate Mr. Wilson's plans during the previous winter, 2009-2010, and in anticipation of his plans for winter 2010-2011.

II.

Some two and one-half months after the sentencing hearing date was established with the understanding of defense counsel and one business day after his co-defendant — Dianne Wilkerson — had been sentenced to 42 months in prison on January 6, 2011, Mr. Turner filed this motion to continue his sentencing. The motion was coincidentally filed on the same day that separate counsel for Mr. Turner made their substantive submissions in a civil case filed by the defendant, *Turner v. City of Boston, et al*, No. 10-CV-12276-MLW, seeking to be reinstated to the Boston

City Council at least until he is actually sentenced in this criminal proceeding before me.

The grounds for the motion to continue were the assertion that "it appears the sentencing hearing will be more complicated than was initially anticipated [and consequently] Attorney Barry Wilson needs to be present at and involved in the sentencing hearing." In addition, the motion recited "that due to a recent conflict and/or disagreement between the defendant and Attorney John Pavlos as to tactic [sic] at the sentencing hearing, it is the opinion of counsel that Attorney Wilson is in the better position to represent the Defendant's interests and/or wishes at the sentencing hearing."

## III.

A review of the record discloses no recent development in the preparation of sentencing materials that would have been unforeseeable at the time Mr. Wilson conceded that due to his absence "Mr. Pavlos will have to do it [conduct the sentencing hearing]." Moreover, "conflict and/or disagreement between the Defendant and [his] Attorney . . . as to tactic[s]" are not new in this case. Mr. Turner, a well educated, experienced and sophisticated public official with strong views, has disagreed with his attorneys in the past regarding tactics in this case. Most fundamental was his choice, despite Mr. Wilson's apparent advice to the contrary, to testify at trial. Indeed, it is this

choice by the defendant which is the one specific aspect of sentencing developments that the motion to continue cites as grounds for requiring Mr. Wilson's presence; the motion reports, not surprisingly, "that the Government is now seeking to increase the Defendant's sentence based on their allegation that Mr. Turner somehow obstructed justice by testifying at trial."

But it was Mr. Pavlos, not Mr, Wilson who conducted the examination of Mr. Turner at trial.  There is no apparent reason why, having advised Mr. Turner not to testify, Mr. Wilson is somehow in a better position to conduct the sentencing hearing than Mr. Pavlos, the attorney who asked the questions the answers to which the Government contends were improper.

As to conflict and/or disagreement between Mr. Turner and his counsel regarding tactics, the choices made by Mr. Turner must be honored by his counsel.  While Mr. Turner is entitled to the unvarnished advice of counsel, it is Mr. Turner, not his counsel, who will make the final tactical and strategic decisions at sentencing, just as it was at trial.  That there are disagreements ultimately to be resolved by Mr. Turner is no more grounds to continue the sentencing than it would have been to continue the trial.

IV.

There being no adequate grounds offered to justify continuing the sentencing hearing in this case, the defendant's motion (#340) to continue that hearing is DENIED.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE